IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES OF AMERICA, :

    Plaintiff, :

vs. : CA 10-0156-CG-C

MICHAEL B. BENDOLPH, :

    Defendant.

## REPORT AND RECOMMENDATION

This cause is before the undersigned for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), on the plaintiff's motion for judgment by default (Doc. 10). Plaintiff's motion is due to be **GRANTED**.

An entry of default was entered by the Clerk of Court as to the defendant Michael B. Bendolph on June 17, 2010 (Doc. 9) in accordance with Rule 55(a) of the Federal Rules of Civil Procedure. *Compare* Fed.R.Civ.P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.") *with* Doc. 7 (process receipt and return reflecting service of summons and complaint on Bendolph on May 14, 2010) *and* Doc. 9 (clerk's entry of default against Bendolph "for failure to plead, answer or otherwise defend.").

In now making its motion for judgment by default, plaintiff has attached the declaration of its attorney, pursuant to 28 U.S.C. § 1746, regarding the amount due. (Doc. 10, Declaration Pursuant to 28 U.S.C. § 1746 of Amount Due) This proper unsworn declaration establishes that the amount due from Bendolph to plaintiff on the debt set forth in the complaint is the sum of $14,770.45 (i.e., principal of $5,533.00, prejudgment interest at 7% per annum in the amount of $9,237.45 as of March 31, 2010), plus prejudgment interest from March 31, 2010, through the date of judgment, and post judgment interest at the legal rate of 0.30% pursuant to the provisions of Title 28, United States Code, Section 1961, until paid in full, and court costs. (*See id.*) Accordingly, it is recommended that judgment by default be entered in plaintiff's favor against the defendant in the foregoing amount.

**DONE** this the 24th day of June, 2010.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.   *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive  matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[1]   Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).